UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL S. MURRAY,

    Plaintiff,

v.                                        CASE NO. 8:25-cv-1429-SDM-CPT

SHERIFF CHAD CHRONISTER, *et al.*,

    Defendants.
_____/

**ORDER**

    Murray alleges that the defendants violated his civil rights while he was in both the hospital and the county jail. An earlier order (Doc. 3) grants Murray leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Murray must amend his action.

    This action proceeds under Murray's initial complaint (Doc. 1) and three amended complaints (Docs. 6, 8, and 10), as well as three additional motions for leave to proceed *in forma pauperis* (Docs. 7, 9, and 11) and several "letter/motions."

(Docs. 12–16) Murray complains (Doc. 13) about the docketing of the amended complaints in the same case as the initial complaint because his intent was to pursue his claims under two different cases numbers. Because his claims are based on a continuum of events and involve some of the same defendants, Murray's action should proceed under one case number.[1] The following facts are discerned from the docketed papers.

Murray asserts that on December 10, 2024, while admittedly a fugitive from the State of New York, he was seriously injured, sustaining a broken sternum, broken ribs, and broken bones in his left hand and left wrist.[2] Three days later an ambulance transported Murray to the Tampa General Hospital ("TGH"). Murray represents that, despite the obvious need for surgery, TGH refused to operate when the doctors discovered that Murray was a fugitive with an outstanding arrest warrant, without insurance, and allegedly homeless. Murray complains that TGH committed medical malpractice and violated his "HIPPA Rights" by notifying his family and contacting the Hillsborough County Sheriff's Office. Murray alleges that his rights were violated while he was detained in the county jail because he was denied pain medications prescribed by the hospital, not housed in a medical unit, refused surgery, charged for both "sick call" and medications, denied religious

---

[1] Murray is advised that he must cease filing "letter/motions" as a way to both acquire and introduce evidence; Murray must follow the Federal Rules of Civil Procedure to acquire evidence in the possession of a defendant or a non-party.

[2] Murray never discloses how he sustained these extensive injuries and the cause of the injuries is not part of this action.

materials and a religious diet, and both discriminated and retaliated against in part because he was a "Yankee." Murray prepared his initial complaint after he was returned to custody in New York.

Murray's initial complaint (Doc. 1) named the defendants as TGH, John Couris (president of the TGH), Naph Care (the provider of medical care in the county jail), and Hillsborough County Sheriff Chad Chronister. The first amended complaint (Doc. 6) deletes Sheriff Chronister and adds the State of Florida as a defendant. The second amended complaint (Doc. 8) retains both Naph Care and Sheriff Chronister as defendants and adds the Hillsborough County Sheriff's Office and Deputy Lopez as defendants, which is the same combination of defendants named in the third amended complaint. (Doc. 10) As explained below, the pleadings contain several deficiencies that require a single comprehensive amended complaint.

First, Murray can pursue a civil rights claim against neither TGH nor John Couris because neither acted under color of state law. *See generally Dennis v. Sparks*, 449 U.S. 24 (1980). "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, Inc., 457 U.S. 922, 936 (1982) (quoting *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). The Fourteenth Amendment offers no protection against private conduct, no matter how wrongful, outrageous, or discriminatory. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Second, Murray cannot pursue a civil rights claim against the Hillsborough County Sheriff's Office. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[3] explains that a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Similarly, a "jail," a "department," a "detention center," or the like, each of which is a building or an organizational component (offices and employees), is not an entity "with the capacity of be sued." *See also Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1347 (M.D. Fla. 2021) ("In Florida, a sheriff's office is not a legal entity subject to suit under § 1983.") (citing *Faulkner*).

Third, Murray cannot pursue a civil rights claim for damages against the State of Florida. The Eleventh Amendment bars litigation in the federal courts for monetary damages against a state. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989); *Quern v. Jordan*, 440 U.S. 332 (1979).

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Fourth, Murray cannot pursue a civil rights claim against Sheriff Chronister based on his position as county sheriff. Murray cannot pursue an action under Section 1983 against a person for employing or supervising someone who allegedly wronged Murray. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Instead, the complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Murray's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions.").

Fifth, Murray can pursue a civil rights claim based on neither negligence nor medical malpractice because negligence is not actionable under Section 1983. *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986) (holding that plaintiff must allege more than negligence to state a claim under Section 1983); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) (holding that alleged negligent failure of prison official to protect one inmate from another inmate states no claim under Section 1983); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that neither an accident nor a defendant's negligence is sufficient to state a claim).

Sixth, Murray cannot pursue a civil rights claim based on the loss of his eyeglasses and hearing aids. Murray asserts no due process violation because the state provides a remedy — a small-claims action in county court — for addressing the alleged destruction of his personal property. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330 (1986)), teaches that a post-deprivation remedy satisfies the requirements of due process:

> Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a pre-deprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation. The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State. *See* Neb. Rev. Stat. § 81-8,209 *et seq.* (1976). Through this tort claims procedure the State hears and pays claims of prisoners housed in its penal institutions. . . . Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process. The remedies provided could have fully compensated the respondent for the property loss he suffered, and we hold that they are sufficient to satisfy the requirements of due process.

Consequently, Murray fails to state a claim that he can pursue in a civil rights action in federal court for the loss of his personal property.

\* \* \* \*

Murray must amend to pursue a civil rights claim. Murray is advised that, although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. As summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. "Plausibility" is greater than a mere "possibility" but less than a "probability." When it pleads facts that are "merely consistent with" a defendant's liability, a complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (brackets omitted).

Finally, the complaint must both contain "well-pleaded facts" and assert specific wrongful conduct because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal*, 556 U.S. at 679. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Moreover, the complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Murray's civil rights. Asserting that some un-identified person retaliated against him or discriminated against him — or denied him either medical care or a religious diet — is insufficient without identifying the specific act that the specific person committed.

Murray's proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. And, although the district court must generously construe a *pro se* complaint, neither a district court nor a defendant is required to read between the lines to create a claim on Murray's behalf. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [the complaint] must still suggest that there is at least some factual support for a claim") (citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368–69 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).

Murray may file an amended complaint to correct these deficiencies, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also*

*Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Murray is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaints (Docs. 1, 6, 8, and 10) are **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint no later than **MONDAY, AUGUST 25, 2025**. All pending motions (Docs. 7, 9, 11, and 12–16) are **DENIED AS MOOT**. The clerk must send to Murray the required civil rights complaint form. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

## **A CAUTION TO MR. MURRAY**

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Murray is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 17, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE